*United States Bankruptcy Court*
*District of New Jersey*
*Clarkson S. Fisher Federal Building*
*United States Courthouse*
*402 East State Street*
*Trenton, New Jersey 08608*

*Hon. Kathryn C. Ferguson, USBJ* (609) 989-0494

May 2, 2012

Linda S. Reinheimer, Esquire
Reinheimer & Reinheimer
200 Main Street - PO Box 1086
Toms River, NJ 08754

Diane Ault Cullen, Esquire
D. Cullen & Associates
200 Main Street - PO Box 5094
Toms River, NJ 08753

                                                            Re:    Michael LaTorre (Case No. 10-31867)
                                                                       Motion to Approve Settlement
                                                                       of Controversy – Document No. 42

Dear Counsel:

       The court issues this opinion resolving the April 25, 2012 motion to approve a settlement. Creditors Bamboo Bar, LASV, Inc., Linda Saddy, John Saddy, S. Karl Mohel, and Bryan Huntenberg (collectively "Bamboo Bar") filed a "Notice of Motion to Approve Settlement of Controversy".[1] A week later, the Bamboo Bar filed a motion on shortened time that was captioned: "Notice of Motion to Compel Debtor to Accept Settlement". The court denied the application to shorten time, and has considered the second motion to be support to the first motion.

---

[1] Richard Stanzione, Esq., who represents Linda Saddy and Karl S. Mohel in the state court matter, joined the motion.

Michael LaTorre sued the Bamboo Bar in state court alleging that in May 2009 he was injured by an employee of the Bamboo Bar.  The state court judge conducted a settlement conference, and the Bamboo Bar offered to settle the personal injury action for $75,000, payable in two installments.  Mr. LaTorre declined the settlement offer.  The Bamboo Bar has now filed a motion before the bankruptcy court seeking to compel Mr. LaTorre to accept the settlement offer because they believe it would be in the best interests of the bankruptcy estate.  In support of that belief, the Bamboo Bar notes that the Mr. LaTorre is behind on Trustee payments, a trial would be costly, and the outcome uncertain.

Mr. LaTorre responds that bankruptcy court confirmed the plan in October 6, 2010.  The lawsuit was listed on Schedule B of the petition and was exempted on Schedule C.  Mr. LaTorre notes that both the terms of his plan and § 1306(b) of the Bankruptcy Code provide that upon confirmation all property is vested in the debtor.  Accordingly, Mr. LaTorre concludes that the Chapter 13 Trustee has no authority over this asset, and that there is no legal justification to compel him to accept a settlement.  Mr. LaTorre asserts that this court lacks jurisdiction over the personal injury lawsuit, which is a non-core proceeding that is pending before the state court.  Finally, he argues that these motions are frivolous and requests fees in the amount of $1,800, and sanctions in the amount of $5,000.[2]

In response, the Bamboo Bar attempts, for the first time, to provide a legal basis for the relief requested.  The Bamboo Bar asserts that the plan was not in the best interests of creditors as required by § 1325(a)(4), and that the debtor did not include the possible recovery from his personal injury action as part of his disposable income as required under the holding in In re

---

[2] On April 13, 2012, the Debtor filed a separate motion seeking sanctions pursuant to Rule 9011.  That motion is returnable May 9, 2012.

Stephens, 265 B.R. 335 (Bankr. M.D. Fla. 2001). They further argue that the plan was not proposed in good faith.

None of those reasons justify filing these motions. Those arguments might have provided a basis for objecting to confirmation[3], but that is not the same as providing a legal basis for compelling a debtor to accept a settlement. The court also notes that it is unconvinced that the lawsuit should have been included in disposable income under the reasoning of Hamilton v. Lanning[4] because the outcome was not "known or virtually certain". More germanely, the time for objecting to confirmation has long past, and the Supreme Court has recently confirmed that even when a plan is confirmed in contravention of the Bankruptcy Code it is binding on creditors.[5] Most importantly, the court agrees with the debtor's position that the personal injury action is a non-core matter and this court does not have jurisdiction to compel the debtor to accept a settlement in that action.[6]

The movants have failed to establish that the relief they seek is "warranted by existing law".[7] Failing that, the factual reasons why the Bamboo Bar defendants think the proposed settlement is fair are of no import. Therefore, the request for sanctions pursuant to Rule 9011 will be granted. Rule 9011 does not mandate compensation for attorney's fees or any other sanction, rather it directs the court to impose monetary or nonmonetary sanctions "sufficient to deter repetition of such conduct or comparable conduct".[8] Monetary sanctions may include

---

[3] The court questions whether the Bamboo Bar defendants would have had standing to object to confirmation because they are not parties in interest in the bankruptcy case.
[4] 130 S. Ct. 2464 (2010).
[5] United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010).
[6] *See generally*, Stern v. Marshall, 131 S. Ct. 2594 (2011).
[7] Fed. R. Civ. Pro. 9011(b)(2).
[8] Fed. R. Civ. Pro. 9011(c)(2).

"some or all of the reasonable attorneys' fees".[9] With that directive in mind, the court will order the movants to reimburse Mr. LaTorre's counsel in the amount of $1,000. That amount should be paid within 14 days. This ruling resolves the separate motion for Rule 9011 sanctions and no appearances on May 9th will be necessary. Mr. LaTorre's counsel may submit a form of order in accordance with this opinion.

>
> */s/ Kathryn C. Ferguson*
> KATHRYN C. FERGUSON
> US Bankruptcy Judge

---

[9] Id.